UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JUL 1 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,   )
                            )
                            )
                            )
         v.                 )   Criminal No. 07-153-13 (ESH)
                            )
James Taylor,               )
                            )
         Defendant.         )
_____)

## MEMORANDUM OPINION AND ORDER

Defendant James Taylor, along with eighteen others, has been charged with one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of phencyclidine ("PCP") and one kilogram or more of heroin in violation of 21 U.S.C. § 846, an offense punishable by ten years to life. *See* 21 U.S.C. §§ 841(b)(1)(A)(iv), 846. At the government's request, a detention hearing was held on June 22, 2007, before Magistrate Judge John M. Facciola, at which time Judge Facciola ordered Taylor held without bond pursuant to 21 U.S.C. § 3142(e). Taylor thereafter filed a motion to revoke or amend Judge Facciola's order of detention under 18 U.S.C. § 3145(b), which the government opposed. The Court held a hearing on the motion on July 10, 2007, at the conclusion of which the Court issued an oral ruling denying defendant's motion. This Memorandum Opinion sets forth in further detail the basis for the Court's ruling.

## DISCUSSION

Under the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, a judicial officer "shall order" a defendant's detention before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and

the safety of any other person and the community." *Id.* § 3142(e). The judicial officer considering the propriety of pretrial detention must consider four factors:

> (1) [t]he nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance;
>
> (2) the weight of evidence against the person;
>
> (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; . . . and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* § 3142(g). The government is required to demonstrate the appropriateness of pretrial detention by clear and convincing evidence. *See id.* § 3142(f). However, when "there is probable cause to believe that the [defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)," there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community." *Id.* § 3142(e).

As found by the grand jury, there is probable cause to believe that Taylor was part of a conspiracy to distribute and possess with intent to distribute PCP and heroin, a violation of the Controlled Substance Act punishable by ten years to life. *See* 21 U.S.C. §§ 841(b)(1)(A)(iv), 846. Having heard a sampling of the intercepted phone calls and based on the government's proffer, the Court is satisfied that there is substantial evidence connecting Taylor to Lonnell Glover, the subject of an extensive federal narcotics investigation involving a wiretap on

Glover's cell phone, as well as interceptions in and around Glover's truck. As set forth in the government's opposition, Taylor was one of a number of individuals who met and spoke by telephone with Glover to discuss drug distribution. In addition to repeated meetings between Glover and Taylor in February and April of 2007, the government recovered a significant quantity of heroin from Taylor's home. This evidence is sufficient to support a finding that Taylor played more than a minor role in a drug ring and was a knowing participant in a drug conspiracy. Accordingly, in determining whether Taylor's continued detention is warranted, the Court must begin with the presumption that "no condition or combination of conditions will reasonably assure [his] appearance . . . as required and the safety of the community." 18 U.S.C. § 3142(e).

In attempting to rebut this presumption, Taylor stresses his extensive ties to the community. Defendant is a lifetime resident of the District of Columbia. He is married and lives with three of his seven children. Taylor also has been employed full time with the D.C. Department of Public Works as a vehicle operator for the past seven years.

The "history and characteristics of the [defendant]," however, is only one of four factors that the Court must consider in determining the appropriateness of pretrial detention, and the remaining factors speak to the need for detention in this case. First, the offense charged is serious, involving a controlled substance and a potential life sentence. *See* 18 U.S.C. § 3142(g)(1). Taylor argues that there is no evidence of any "agreement" or "overt act in furtherance of the agreement" to merit the conspiracy charge, and in any event, that Taylor's role was "at best, minimal." However, the contacts between Taylor and Glover were numerous and must be considered in the context of the alleged large-scale drug conspiracy. Second, although most of Taylor's criminal record is somewhat dated, he does have seven prior convictions (one

felony) dating back to 1980. With a prior felony drug conviction, Taylor faces a mandatory minimum of twenty-years if convicted. Finally, Taylor has been indicted as a member of a large-scale drug conspiracy, which constitutes a serious threat to the community. When these factors are considered together, it is clear that Taylor cannot overcome the law's presumption against pretrial release.

For the foregoing reasons, defendant's motion for reversal of the Magistrate Judge's order of detention [Dkt. 43] is hereby **DENIED**. In accordance with 18 U.S.C. § 3142(i), the Court hereby **ORDERS** that defendant remain in the custody of the Attorney General for confinement in a corrections facility pending trial.

ELLEN SEGAL HUVELLE
United States District Judge

Date: July 16, 2007

cc: Magistrate Judge John M. Facciola

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>James Taylor,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  Criminal No. 07-153-13 (ESH)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Defendant James Taylor, along with eighteen others, has been charged with one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of phencyclidine ("PCP") and one kilogram or more of heroin in violation of 21 U.S.C. § 846, an offense punishable by ten years to life. *See* 21 U.S.C. §§ 841(b)(1)(A)(iv), 846. At the government's request, a detention hearing was held on June 22, 2007, before Magistrate Judge John M. Facciola, at which time Judge Facciola ordered Taylor held without bond pursuant to 21 U.S.C. § 3142(e). Taylor thereafter filed a motion to revoke or amend Judge Facciola's order of detention under 18 U.S.C. § 3145(b), which the government opposed. The Court held a hearing on the motion on July 10, 2007, at the conclusion of which the Court issued an oral ruling denying defendant's motion. This Memorandum Opinion sets forth in further detail the basis for the Court's ruling.

### DISCUSSION

Under the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, a judicial officer "shall order" a defendant's detention before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and

the safety of any other person and the community." *Id.* § 3142(e). The judicial officer considering the propriety of pretrial detention must consider four factors:

> (1) [t]he nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance;
>
> (2) the weight of evidence against the person;
>
> (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; . . . and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* § 3142(g). The government is required to demonstrate the appropriateness of pretrial detention by clear and convincing evidence. *See id.* § 3142(f). However, when "there is probable cause to believe that the [defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)," there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community." *Id.* § 3142(e).

As found by the grand jury, there is probable cause to believe that Taylor was part of a conspiracy to distribute and possess with intent to distribute PCP and heroin, a violation of the Controlled Substance Act punishable by ten years to life. *See* 21 U.S.C. §§ 841(b)(1)(A)(iv), 846. Having heard a sampling of the intercepted phone calls and based on the government's proffer, the Court is satisfied that there is substantial evidence connecting Taylor to Lonnell Glover, the subject of an extensive federal narcotics investigation involving a wiretap on

Glover's cell phone, as well as interceptions in and around Glover's truck. As set forth in the government's opposition, Taylor was one of a number of individuals who met and spoke by telephone with Glover to discuss drug distribution. In addition to repeated meetings between Glover and Taylor in February and April of 2007, the government recovered a significant quantity of heroin from Taylor's home. This evidence is sufficient to support a finding that Taylor played more than a minor role in a drug ring and was a knowing participant in a drug conspiracy. Accordingly, in determining whether Taylor's continued detention is warranted, the Court must begin with the presumption that "no condition or combination of conditions will reasonably assure [his] appearance . . . as required and the safety of the community." 18 U.S.C. § 3142(e).

In attempting to rebut this presumption, Taylor stresses his extensive ties to the community. Defendant is a lifetime resident of the District of Columbia. He is married and lives with three of his seven children. Taylor also has been employed full time with the D.C. Department of Public Works as a vehicle operator for the past seven years.

The "history and characteristics of the [defendant]," however, is only one of four factors that the Court must consider in determining the appropriateness of pretrial detention, and the remaining factors speak to the need for detention in this case. First, the offense charged is serious, involving a controlled substance and a potential life sentence. *See* 18 U.S.C. § 3142(g)(1). Taylor argues that there is no evidence of any "agreement" or "overt act in furtherance of the agreement" to merit the conspiracy charge, and in any event, that Taylor's role was "at best, minimal." However, the contacts between Taylor and Glover were numerous and must be considered in the context of the alleged large-scale drug conspiracy. Second, although most of Taylor's criminal record is somewhat dated, he does have five prior convictions (one

3

felony) dating back to 1980. With a prior felony drug conviction, Taylor faces a mandatory minimum of twenty-years if convicted. Finally, Taylor has been indicted as a member of a large-scale drug conspiracy, which constitutes a serious threat to the community. When these factors are considered together, it is clear that Taylor cannot overcome the law's presumption against pretrial release.

For the foregoing reasons, defendant's motion for reversal of the Magistrate Judge's order of detention [Dkt. 43] is hereby **DENIED**. In accordance with 18 U.S.C. § 3142(i), the Court hereby **ORDERS** that defendant remain in the custody of the Attorney General for confinement in a corrections facility pending trial.

/s/ Ellen S. Huvelle
ELLEN SEGAL HUVELLE
United States District Judge

Date: July 16, 2007

cc: Magistrate Judge John M. Facciola